**JACKSONWHITE**
**ATTORNEYS AT LAW**
*A Professional Corporation*

40 North Center, Suite 200
Mesa, Arizona  85201
(480) 464-1111
Attorney for Plaintiff
By:     Michael R. Pruitt, No. 011792

**IN THE UNITED STATES DISTRICT COURT,**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jennifer Quintiliani, filing individually and on behalf of all others similarly situated; and Jessica Carpenter, filing individually and on behalf of all others similarly situated;<br><br>Plaintiffs<br><br>vs.<br><br>Concentric Healthcare Solutions, LLC; and Alarys Home Health, Inc.;<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**The Fair Labor Standards Act 29 U.S.C. § 201**<br><br>**Collective Action**<br><br>**(Jury trial requested)** |

Plaintiffs, Jennifer Quintiliani ("Quintiliani") and Jessica Carpenter ("Carpenter") (collectively "Plaintiffs"), individually and on behalf of all other similarly situated current and former employees of Concentric Healthcare Solutions, LLC ("Concentric") and/or Alarys Home Health, Inc. ("Alarys"), by and through their counsel undersigned, for their Complaint allege as follows:

**JURISDICTIONAL ALLEGATIONS**

1.      This action arises under the statutes of the United States for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.      This Court's jurisdiction over this matter is conferred under 29 U.S.C. § 1331 since

this matter arises under a federal statute.

3. Pursuant to 29 U.S.C. § 216(b), this Court has jurisdiction over this matter as an action brought by Plaintiffs as individuals and as a collective action brought on behalf of all current and former similarly situated employees of Concentric and/or Alarys.

4. Defendants Concentric and Alarys are subject to the provisions of the FLSA as employers since they are involved in interstate commerce and also, on information and belief, generate annual revenue in excess of $500,000.

5. This court has subject matter jurisdiction in this matter, and venue is appropriate to this court because many of the acts alleged herein occurred within this District in the State of Arizona, Concentric and Alarys conduct business within this District in the State of Arizona, and because Plaintiffs Quintiliani and Carpenter reside within this District in the State of Arizona.

## **PARTIES**

6. Plaintiff Jennifer Quintiliani is filing this collective action as an individual and on behalf of all other similarly situated current and former Concentric and/or Alarys employees. Her written consent form for joining this lawsuit is attached herein as part of Exhibit "1."

7. Plaintiff Quintiliani is a resident of Mesa, Arizona. She was nominally employed by Concentric from approximately September 28, 2007 through approximately October 17, 2009 as a staffing coordinator/specialist. During this same time period Ms. Quintiliani at various times performed the same job function for Alarys.

8. During some or all of the time period relevant for this lawsuit, Ms. Quintiliani was supervised by Andrew Jacobs who was also responsible in whole or in part for terminating Ms.

Quintiliani's employment.

9. Plaintiff Jessica Carpenter is filing this collective action as an individual and on behalf of all other similarly situated current and former Concentric and Alarys employees. Her written consent form for joining this lawsuit is attached herein as part of Exhibit "1."

10. Plaintiff Carpenter is a resident of Queen Creek, Arizona. On information and belief, she was nominally employed by Concentric from approximately March 2006 through approximately November 18, 2009. During this time period Ms. Carpenter performed various functions including that of compliance manager/coordinator and staffing coordinator/specialist. Ms. Carpenter also performed some of these same job functions at various times for Alarys.

11. Following the termination of Ms. Quintiliani's employment, Ms. Carpenter was assigned the staffing coordinator/specialist duties formerly performed by Ms. Quintiliani.

12. During some or all of the time period relevant for this lawsuit, Ms. Carpenter was supervised by Andrew Jacobs. Mr. Jacobs was responsible in whole or in part for terminating Ms. Carpenter's employment.

13. On information and belief, both Concentric and Alarys have their corporate headquarters ts 4250 N. Drinkwater Blvd., Suite 165, Scottsdale, AZ 85251.

14. On information and belief, both Concentric and Alarys are owned by Chris Bollinger and Kyle Silk.

15. On information and belief, Mr. Bollinger serves as C.E.O. for both Concentric and Alarys and is a member of Concentric and a Director of Alarys.

16. On information and belief, Mr. Silk serves as President and C.O.O. for both

Concentric and Alarys and is a member of Concentric and a Director of Alarys.

17. On information and belief, Concentric and Alarys are run as interrelated and integrated enterprises which overlap and share or have shared such things as ownership, office space, human resource functions, accounting and payroll, office equipment, a receptionist, company policies and procedures, management, officers and employees.

18. On information and belief, Defendant Concentric Healthcare Solutions, L.L.C. is a limited liability company organized and operated under the laws of the state of Arizona with company offices in Scottsdale, Arizona and Tucson, Arizona.

19. Concentric conducts business throughout the state of Arizona and also in New Mexico and possibly Texas.

20. On information and belief, Defendant Alarys Home Health, Inc. is a corporation organized and operating under the laws of the state of Arizona with corporate offices in Scottsdale, Arizona.

21. Alarys conducts business in the state of Arizona.

## BACKGROUND FACTS

22. Under the FLSA, covered employees are required to receive overtime wages at a rate of 1 ½ times their normal hourly rate for hours worked in excess of forty during a workweek unless they qualify for a specific exemption contained in the FLSA.

23. Under the FLSA, employers are required to keep accurate records related to compensation and hours worked by all covered employees.

24. This collective action arises from an ongoing illegal and improper scheme by

4

Concentric/Alarys to systematically and willfully violate the provisions of the FLSA by knowingly and deliberately failing to pay a class of current and former employees working as staffing coordinators/specialists and a second class of employees working as compliance managers/coordinators the overtime wages legally due them under the FLSA.

25. Concentric is a healthcare registry and placement firm specializing in providing nursing staff and other healthcare professionals to its clients which include clinics, hospitals and other medical facilities.

26. Concentric is accredited by the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO") certifying compliance with a comprehensive set of national quality standards and policies in providing health care staffing.

27. Concentric is approved and/or certified to staff federal hospitals and healthcare facilities through U.S. General Services Administration ("GSA") contracts.

28. Concentric maintains a staffing database of previously screened nurses, nurse's assistants and other healthcare professionals available for staffing assignments on short term notice, twenty four hours a day, seven days a week. This database includes information regarding what specific types of positions each individual can be assigned to fill.

29. The hiring, firing and discipline of these healthcare professionals is done by Concentric/Alarys, Concentric/Alarys management, including Andrew Jacobs, and/or by Concentric/Alarys employees known as recruiters.

30. The type of assignment or staffing position each nurse, nurse's assistant or healthcare professional can be assigned to is determined through a screening process controlled and conducted

5

by Concentric/Alarys, Concentric/Alarys management, including Andrew Jacobs, and/or Concentric/Alarys recruiters according to company policy and the background, education, training, certification/licensing and experience of each nurse, nurse's assistant or healthcare professional.

31. Alarys is a full service Home Health Agency. Alarys is licensed by the Arizona Department of Health Services, certified by Medicare and accredited by JCAHO.

32. Alarys specializes in providing medical related staff such as Caregivers, Certified Nurse Assistants, Certified Home Health Aides, Registered and Licensed Practical Nurses, Physical, Occupational and Speech Therapists, and Medical Social Workers to the elderly and disabled in a client's home or residence.

33. On information and belief, Alarys has in the past been in the business of providing these same home healthcare services under the names Affinity Home Health, Inc. and Concentric Home Health.

34. Alarys maintains a staffing database of previously screened nurses, nurse's assistants and medical related staff available for providing medical services in the client's home or residence. This database includes information regarding what specific types of positions each individual can be assigned to fill.

35. The hiring, firing and possible discipline of these nurses, nurse's assistants and medical related staff is done by Concentric/Alarys, Concentric/Alarys management, including Andrew Jacobs, and/or by Concentric/Alarys recruiters.

36. The type of position or assignment each nurse, nurse's assistant and medical related staff member can be given is determined through a screening process controlled and conducted by

Concentric/Alarys, Concentric/Alarys management, including Andrew Jacobs, and Concentric/Alarys recruiters according to company policy and the background, education, training, certification/licensing and experience of each nurse, nurse's assistant or healthcare related staff member.

37. On information and belief, some individuals such as nurses or nurse's assistants can at various times be assigned to work at clients of Concentric and at other times be assigned to work at clients of Alarys.

38. Staffing coordinators/specialists, such as Plaintiffs, are contacted by company clients and given information about the client's specific staffing needs, including work schedule and the type of position that needs to be filled. By following strict company policies and procedures, the staffing coordinator/specialist searches the company maintained database and locates a nurse, nurse's assistant, medical professional, etc., designated for the type of position that needs to be filled. The staffing coordinator/specialist was then responsible for contacting the individual located in the database, verifying his or her availability for the assignment, and providing the individual with the work assignment.

39. Given the nature of the position, staffing coordinators/specialists, including Plaintiffs, were often scheduled to be on call and work after normal business hours, including evenings and weekends.

40. Staffing coordinators/specialists, including Plaintiffs, performed their duties at the Concentric/Alarys office or at their home after normal business hours on evenings and weekends.

41. Staffing coordinators/specialists, including Plaintiffs, did not supervise other

7

employees.

42. The duties of staffing coordinators/specialists, including Plaintiffs, did not involve the exercise of discretion and independent judgment with respect to matters of significance.

43. Staffing coordinators/specialists, including Plaintiffs, were told on numerous occasions by their supervisor, Andrew Jacobs, "don't think" and instructed to call him no matter the time of day if they had any questions or uncertainty regarding the performance of their duties.

44. Staffing coordinators/specialists, including Plaintiffs, often consulted with Andrew Jacobs, both during and after normal business hours, seeking his direction in the performance of their duties.

45. Staffing coordinators/specialists, including Plaintiffs, did not hire, fire, discipline, review, or determine salary/compensation for the nurses, nurse's assistants, healthcare professionals, etc. contained in the company database.

46. Staffing coordinators/specialists did not determine the type of position(s), as outlined in the company database, a nurse, nurse's assistant, medical professional, etc., could be assigned to staff.

47. The company database included specific directives and notes entered at the direction of Andrew Jacobs regarding some of the individual nurses, nurse's assistant, medical professionals, etc., in the database. These included directives and notes such as "inactive per Andy" (meaning Andrew Jacobs) or "do not staff per Andy" (meaning Andrew Jacobs). Staffing coordinators/specialists, including Plaintiffs, were not allowed to create or enter such directives or notes in the company database on their own initiative.

8

48. Staffing coordinators/specialists, including Plaintiffs, performed their duties in the same manner regardless of the type of position being staffed.

49. Staffing coordinators/specialists, including Plaintiffs, performed their duties according to set procedures, company policies and directives from company management.

50. The job duties performed by staffing coordinators/specialists, including Plaintiffs, are such that according to the provisions of the FLSA and the Code of Federal Regulations ("CFR"), they should rightly be classified as non-exempt employees who are required to be paid overtime wages for any hours they work over 40 in any workweek.

51. Staffing coordinators/specialists, including Plaintiffs, do not legally and rightfully qualify for any of the exemptions to the payment of overtime wages contained in the FLSA.

52. Plaintiffs and most if not all current and former staffing coordinators/specialists routinely work or worked well in excess of forty hours in any workweek and are entitled to collect overtime wages as provided for by the FLSA.

53. Concentric/Alarys requires and expects all of its current and former staffing coordinators/specialists, including Plaintiffs, to routinely work in excess of forty hours in a workweek.

54. The duties of the compliance manager/coordinator, including Ms. Carpenter, involved auditing and verifying that any required licenses and/or certificates for the company's nurses, nurse's assistants, healthcare professionals, medical related staff, etc., were on file and current or renewed in a timely manner.

55. The types of licenses and/or certificates the nurses, nurse's assistants, healthcare

9

professionals, etc., needed to have for the positions they were designated to staff were outlined by company policies and documentation provided to the compliance managers/coordinators, such as Ms. Carpenter.

56. Compliance managers/coordinators, including Ms. Carpenter, did not supervise other employees.

57. The duties of compliance managers/coordinators, including Ms. Carpenter, did not involve the exercise of discretion and independent judgment with respect to matters of significance.

58. Compliance managers/coordinators, including Ms. Carpenter, were often given explicit instructions by their supervisor, Andrew Jacobs, in how they were to perform their job duties.

59. Compliance managers/coordinators, including Ms. Carpenter, performed their duties according to set procedures, company policies and directives from company management.

60. The job duties performed by compliance managers/coordinators, including Ms. Carpenter, are such that according to the provisions of the FLSA and the CFR, they should rightly be classified as non-exempt employees who are required to be paid overtime wages for any hours they work over 40 in any workweek.

61. Compliance managers/coordinators, including Ms. Carpenter, do not legally and rightfully qualify for any of the exemptions to the payment of overtime wages contained in the FLSA.

62. Compliance managers/coordinators, including Ms. Carpenter, routinely work or worked well in excess of forty hours in any workweek and are entitled to collect overtime wages as

provided for by the FLSA.

63. Concentric/Alarys requires and expects all of its current and former compliance managers/coordinators, including Ms. Carpenter, to routinely work in excess of forty hours in a workweek.

64. Concentric/Alarys exercised control over the wages, hours and working conditions of Plaintiffs, staffing coordinators/specialist and compliance managers/coordinators.

65. Plaintiffs, on behalf of themselves and others similarly situated, allege that Concentric/Alarys knowingly and willfully violated, and continues to violate, the provisions of the FLSA by misclassifing all current and former staffing coordinators/specialists and compliance managers/coordinators, including Plaintiffs, as exempt from the overtime provisions of the FLSA.

66. By willfully and knowingly reporting false and inaccurate information on the number of hours worked by Plaintiffs, staffing coordinators/specialists and compliance managers/coordinators each week, Concentric/Alarys is in violation of the record keeping requirements found in the FLSA and CFR.

67. For the time frame relevant to this lawsuit, all decision(s) regarding whether or not to pay overtime wages to Plaintiffs and all current and former staffing coordinators/specialists and compliance managers/coordinators was done with the knowledge, approval and at the direction of of Concentric's/Alarys's ownership and/or management.

68. Concentric/Alarys employs human resources personnel and legal counsel to ensure compliance with all applicable state and federal statutes, including the FLSA provisions regarding payment of overtime wages and accurate record keeping.

11

69. Concentric/Alarys knows or should have known that its policies regarding payment of overtime wages as described herein violate the FLSA.

70. As an employer, Concentric/Alarys is responsible for the illegal conduct and policies described herein related to the failure to comply with the provisions of the FLSA.

71. For the time frame relevant to this lawsuit, the illegal policies and practices described herein are part of a centralized policy, practice and scheme developed and orchestrated by Concentric/Alarys and its ownership and management.

72. The actions of Concentric/Alarys in deliberately failing to pay staffing coordinators/specialists and compliance managers/coordinators, including Plaintiffs, overtime wages was done for the purpose of enriching and benefitting Concentric/Alarys.

73. Any current or past classification by Concentric/Alarys of Plaintiffs, staffing coordinators and compliance managers/coordinators as exempt from the overtime pay provisions of the FLSA is a willful violation of the FLSA.

74. As a result of the actions of Concentric/Alarys in not paying legally required overtime wages to staffing coordinators/specialists and compliance managers/coordinators, the Plaintiffs and all other similarly situated employees have suffered economic damages.

75. Pursuant to the provisions of 29 U.S.C. § 216(b), Plaintiffs seek to pursue an action on behalf of themselves as individuals and as a collective action on behalf of a class of all similarly situated current and former Concentric/Alarys staffing coordinators/specialists who have not been paid their legally required overtime wages in the three years preceding this lawsuit.

76. Pursuant to the provisions of 29 U.S.C. § 216(b), Plaintiff Carpenter seeks to pursue

an action on behalf of herself as an individual and as a collective action on behalf of a class of all similarly situated current and former Concentric/Alarys compliance managers/specialists who have not been paid their legally required overtime wages in the three years preceding this lawsuit.

77. As appropriate, Plaintiffs reserve the right to amend and supplement the definition of the two previously outlined classes of similarly situated individuals as information is disclosed and uncovered through future discovery.

**COUNT 1**
**(Violation of the FLSA, 29 U.S.C. § 201 et seq.)**

78. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

79. Plaintiffs and all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance managers/coordinators have been, and continue to be, illegally and improperly paid on a salary basis.

80. Plaintiffs and all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance managers/coordinators routinely worked, and continue to work, in excess of forty hours during their workweek without receiving overtime compensation in violation of the FLSA.

81. The time spent by Plaintiffs and all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists performing their work related duties in their home is and of a right ought to be counted toward the total hours worked in each workweek.

13

82. Plaintiffs and all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance managers/coordinators were and continue to be legally entitled to receive overtime compensation at a rate of one and one-half (1 ½) times their regular hourly wage for any hours worked in excess of forty hours in any workweek.

83. Plaintiffs and all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance managers/coordinators do not rightly qualify for any of the exemptions to the payment of overtime wages outlined in the FLSA.

84. As a result of the illegal and improper policy of Concentric/Alarys regarding the payment of overtime wages as previously outlined, Plaintiffs and current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance managers/coordinators have suffered economic damages in an amount to be proved at trial.

85. The policy of Concentric/Alarys to not pay overtime wages to Plaintiffs and all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance managers/coordinators was willful entitling Plaintiffs and any similarly situated collective action members who join this case to recover damages and collect overtime wages for the three years preceding the date at which they joined this action as outlined in the FLSA and 29 U.S.C. § 255(a).

86. Defendants Concentric/Alarys are also liable to Plaintiffs and all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance managers/coordinators for damages as provided for under all applicable statutes including liquidated damages in an amount equal to their economic damages and their reasonable

attorneys' fees and costs.

**WHEREFORE,** Plaintiffs request that this court enter judgment in their favor and against the Defendants as follows:

A.   Declare and certify that this action can proceed as a collective action on behalf of Plaintiffs and the class of similarly situated current and former staffing coordinators/specialists of Concentric/Alarys;

B.   Declare and certify that this action can proceed as a collective action on behalf of Plaintiff Carpenter and a second class of similarly situated current and former compliance mangers/ coordinators of Concentric/Alarys;

C.   That because there is a statute of limitations associated with collection of damages under the FLSA, this court should send out, or allow to be sent, notice to all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance manager/coordinators as soon as possible informing them of the opportunity to join or "opt in" to this collective action through the filing of consent to join forms with the Court or in the alternative order a tolling of the statute of limitations while the Court considers Plaintiffs request for such notice;

D.   Declare that Plaintiffs and those similarly situated who opt-in to this collective action are legally entitled to collect overtime wages and that the policy of Concentric/Alarys to not pay overtime wages to Plaintiffs and all similarly situated current and former Concentric/Alarys employees working as staffing coordinators/specialists and compliance

managers/coordinators was, and continues to be, illegal and improper and in violation of the FLSA;

E. Declare that the actions of Concentric/Alarys in failing to pay overtime wages were willful and that a three year statue of limitations should apply for Plaintiffs and all those similarly situated who opt-in to this collective action for collecting the overtime wages properly due them;

F. Enter a judgment against Concentric/Alarys in an amount to be proved at trial as compensation to Plaintiffs and all those similarly situated who opt-in to this collective action for the overtime wages that Concentric/Alarys illegally and improperly withheld in violation of the FLSA;

G. Declare that Plaintiffs and all those similarly situated who opt-in to this collective action are entitled to collect liquidated damages equal to the amount of their actual damages;

H. Award Plaintiffs and all those similarly situated who opt-in to this collective action interest at the highest rate allowable on their unpaid overtime wages from the time that Concentric/Alarys was legally obligated to pay those overtime wages;

I. Award Plaintiffs and all those similarly situated who opt-in to this collective action prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

J. Award Plaintiffs and all those similarly situated who opt-in to this collective action interest on all sums awarded in judgment at the highest legal rate allowable from the date of judgment until paid;

K.      Award Plaintiffs and all those similarly situated who opt-in to this collective action their reasonable attorneys' fees, expenses and costs;

L.      Order that Concentric/Alarys comply with the provisions of 29 U.S.C. § 215(a)(3) regarding the prohibition of punitive action and retaliation against any current or former Concentric/Alarys employee for participation in this action either as a named Plaintiff, or as someone similarly situated who has joined the case or as a witness;

M.      Retain jurisdiction over this action to ensure full compliance with the Court's orders and require Concentric/Alarys to file such reports as the Court deems necessary to evaluate such compliance; and

N.      For such other and further relief as this Court deems proper and just under the circumstances.

**DATED** this 29th day of June, 2010.

**JACKSON WHITE**

 s/ Michael R. Pruitt
Michael R. Pruitt, No. 011792
40 N. Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff

F:\PQR\Quintiliani, Jennifer\FLSA.OT\Pleadings\Complaint.Collective.Quintiliani.wpd