"Exhibit A"

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release of Claims ("Agreement") is made and entered into by and between Jennifer Quintiliani ("Plaintiff") and Concentric Healthcare Solutions, LLC, Andrew Jacobs and Alarys Home Health, Inc. (collectively, "Defendants").

### Recitals

A. Concentric Healthcare Solutions, LLC (Concentric) is a healthcare registry and placement firm specializing in providing nursing staff and other healthcare professionals to its clients.

B. Andrew Jacobs is the Vice President of Concentric and was named as a defendant, individually, in the matter known as CV2010-099297.

C. Alarys Home Health, Inc. is a full-service home health agency specializing in providing medical-related staff to the elderly and disabled in a client's home or residence.

D. Defendants employed Plaintiff.

E. In 2010, Plaintiff filed a complaint (Case No. 2:10-cv-01363-ECV) in United States District Court, District of Arizona alleging a claim for unpaid overtime and wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "Federal Case").

F. Also in 2010, Plaintiff filed a complaint in Maricopa County Superior Court alleging claims under FMLA and the ADA (CV2010-099297) which is now pending appeal to the Arizona Supreme Court (hereinafter "State Case").

G. Defendants and Plaintiff now mutually desire to globally resolve all disputes and claims between them including both the Federal and State Cases, as well as all known or unknown claims regardless whether they were made part of the Federal or State Cases.

### Agreement

NOW, THEREFORE, in consideration of the mutual covenants and promises herein, the parties agree as follows:

1. <u>No Admissions</u>: By entering into this Agreement, Defendants do not admit liability for any of the disputed claims asserted in the Federal or State Cases. Pursuant to Rule 408 of the Arizona and Federal Rules of Evidence, this Agreement shall not be admissible to establish any wrongdoing in any action except an action to enforce the terms of this Agreement.

2. <u>Global Settlement</u>: By this Agreement, Plaintiff and Defendants enter into a global settlement of all claims arising and related to Plaintiff's employment with Defendants, including, but not limited to, the Federal and the State Cases. The parties understand and agree that the settlement of the Federal Case shall not occur without the concurrent settlement of the State Case, and vice versa. The purpose and goal of this Agreement is to resolve all claims of Employee and enter into a universal and global settlement of all claims of Plaintiff, known and unknown, which may exist against the Defendants.

3.  Federal Court Approval: Within three days after executing this Agreement, the parties shall jointly move the Court in the Federal Case to approve this Agreement and to dismiss with prejudice Plaintiff's claims. The parties shall fully cooperate with each other in seeking Court approval and shall take all steps necessary to obtain Court approval of this Agreement, including modifying and resubmitting the Agreement for Court approval (if necessary).

4.  Dismissal of State Court Appeal and Petition for Review: Within three days after executing this Agreement, the parties shall joint notify the Arizona Supreme Court of the withdrawal of the Petition for Review and shall further dismiss the pending appeal with prejudice. The parties will also file all dismissal notices, with prejudice, where necessary to effectuate the dismissal of the State Case.

5.  Effective Date: The Effective Date of this Agreement shall be the date of Federal Court approval.

6.  Settlement Payment: Within five days of the Effective Date of this Agreement:

    a.  Defendants shall pay a total of $100,000 in full and complete settlement of the Federal and State Cases as well as all of Plaintiff's claims and, including any and all associated attorneys' fees, costs, interest or other penalties.

    b.  The $100,000 settlement amount shall be apportioned as follows:

        i.  The total payment of $10,000, made payable to Plaintiff, less applicable withholdings, which Defendants shall report on an IRS Form W-2;

        ii. The total payment of $90,000 made payable to Jackson White, PC, with no withholdings, which Defendants shall report on an IRS Form 1099.

7.  Plaintiff's Waiver and Release: Except with respect to the obligations created by this Agreement, Plaintiff (for herself, successors and assigns) hereby releases and forever discharges Defendants and Defendants' marital communities, parent companies, successor companies, sister companies, employees, officers, owners, and attorneys from any and all claims and actions of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, arising at any time before the Effective Date of this Agreement. This general waiver and release of claims includes any and all claims whatsoever, and includes but is not limited to, claims that (i) Plaintiff asserted or could have asserted in the Federal and State Cases, (ii) relate in any way to Plaintiff's employment with Defendants, and/or (iii) relate in any way to the termination of Plaintiff's employment with Defendants.

8.  Defendants' Waiver and Release: Defendants release Plaintiff, her spouse, heirs, administrators and attorneys of all claims, demands, damages, counterclaims, causes of action, suits, costs, expenses and liabilities, whether currently known or unknown, fixed or contingent, which Defendants have or may have had against Plaintiff, which are based on any acts, omissions, matters, torts, causes or occurrences whatsoever occurring before and up to the date this Agreement is executed.

9. **Confidentiality:** The parties shall keep the terms of this Agreement confidential, except that the parties may disclose this Agreement to their attorneys, accountants, and spouses, and as necessary to enforce this Agreement, or as otherwise required by law.

10. **Legal Advice:** Each party hereto has received independent legal advice from its attorneys with respect to the advisability of making the settlement provided herein and to the advisability of executing this Agreement, and has read this Agreement and is fully aware of its contents and legal effect.

11. **No Reemployment:** Plaintiff shall not apply for employment with Defendants, and Defendants shall not be obligated to accept any application for employment submitted by on or behalf of Plaintiff.

12. **No Disparagement:** Plaintiff shall refrain from any publication, oral or written, of any defamatory, disparaging, or otherwise derogatory information pertaining to any of the Defendants. Defendants' owners shall likewise refrain from any publication, oral or written, of any defamatory, disparaging or otherwise derogatory information pertaining to Plaintiff.

13. **Successors and Assigns.** This Agreement is binding upon the parties, as well as their spouses, heirs, legal representatives, personal representatives, successors, assigns, agents, and other representatives.

14. **Entire Agreement and Modification:** This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements and understandings, written or oral, between the parties pertaining to the subject matter hereof. This Agreement shall not be altered or varied except by writing duly signed by all of the parties.

15. **Severability:** Should a court of competent jurisdiction find that any portion of this Agreement is unenforceable, the remaining terms and provisions shall remain in force and effect.

16. **Governing Law and Venue.** This Agreement is entered into in Arizona, and shall be interpreted, enforced, and governed by Arizona law. The parties agree that any action to enforce this Agreement may be brought only in the state and federal courts in Maricopa County, Arizona.

17. **Counterparts.** The parties may execute this Agreement in separate counterparts.

Defendants:  
Concentric Healthcare Solutions, LLC  
Alarys Home Health  
Andrew Jacobs  

By: _____  
Kyle Silk  

Date: 12/13/17  

Plaintiff:  

_____  
Jennifer Quintiliani  

Date: 12/08/2017