IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Quintiliani,<br><br>        Plaintiff,<br><br>v.<br><br>Concentric Healthcare Solutions LLC,<br><br>        Defendant. | No. CV-10-01363-PHX-SMM<br><br>**ORDER** |

      Pending before the Court is the parties' joint motion for approval of settlement agreement and dismissal with prejudice of claims by Plaintiff Jennifer Quintiliani. (Doc. 153.) Because this matter involves Fair Labor Standards Act ("FLSA") claims asserted against Defendant Concentric Healthcare Solutions, LLC, the parties submitted the settlement reached to the Court for approval and in order to ensure its enforceability.

      After reviewing the proposed settlement agreement (Doc. 153-1), the Court will grant the parties' joint motion, approve the proposed settlement agreement, and dismiss this case with prejudice.

      Under the reasoning set forth in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims under the FLSA can be settled or compromised by employees.[1] One, pursuant to 29

---

[1] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in <u>Lynn's Food Stores</u>. <u>See, e.g.,</u> <u>Ambrosino v. Home Depot U.S.A., Inc.</u>, No. CV 11-1319, 2014 WL 3924609 (S.D. Cal.

U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is an FLSA action against Defendant, the parties must seek approval of their settlement agreement in order to ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues.

The Court has reviewed the proposed settlement agreement between the parties for $100,000. Under the proposed settlement agreement, $90,000 goes to Plaintiff's counsel and $10,000.00 goes to Plaintiff. (Doc. 153-1 at 3.)

The Court finds that the proposed settlement agreement is a fair and reasonable resolution of the issues. First, this case has been pending in this Court for seven years and parallel litigation in state court concluded this year. Next, the individual Plaintiff faced a certain level of difficulty in establishing the amount of damages to which she would have been entitled under the FLSA due to a recent decision from the Ninth Circuit Court of Appeals that changed and significantly undercut Plaintiff's damages claim. The proposed settlement agreement provides payments to Plaintiff for FLSA wage compensation, costs, and attorney's fees.

Based on the foregoing, the Court will approve the proposed settlement agreement entered into between the parties and issue a stipulated judgment of dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** granting the parties' joint motion for approval of

---

Aug. 11, 2014); Hand v. Dionex Corp., No CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

settlement agreement and dismissal with prejudice of claims by Plaintiff Jennifer Quintiliani. (Doc. 153.) The settlement agreement (Doc. 153-1) resolves all associated back wage claims, attorney's fees, and costs.

**IT IS FURTHER ORDERED** that the Clerk of Court dismiss Plaintiff's claims with prejudice and terminate this case.

Dated this 18th day of December, 2017.

Honorable Stephen M. McNamee
Senior United States District Judge